## Fredd v. C. S. Garrett & Son Company, Appellant.

*Negligence—Master and servant—Safe place to work—Guarding machinery.*

Plaintiff, employed to oil machinery in defendant's mill, was injured while oiling the bearings of an exhaust fan. The fan was in an iron frame which occupied the upper half of a window which was reached from the outside by opening the lower sash which hung on hinges. In oiling the bearings plaintiff was required to stand on the sloping window ledge, to support himself by holding with one hand to the iron frame, and to reach upward and forward with his arm bent over a shaft and pulley. His arm was struck by a belt and knocked against the revolving fan and injured. In an action to recover damages for the injuries so

received, based upon the failure of defendant to afford plaintiff a safe place to work: *Held,* the court was correct in submitting to the jury the question whether it was practicable, consistently with efficient use of the fan, to more effectively guard it or to provide for stopping it during the operation of oiling and a verdict and judgment in favor of the plaintiff should be sustained.

Argued Feb. 11, 1913. Appeal, No. 266, Jan. T., 1912, by defendant, from judgment of C. P. Chester Co., April T., 1911, No. 7, on verdict for plaintiff in case of Arthur E. Fredd v. C. S. Garrett & Son Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,760 and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury.

*Thomas W. Pierce,* for appellant.

*Thomas W. Baldwin,* for appellee.

PER CURIAM, March 17, 1913:

The plaintiff was employed to oil machinery in defendant's mill, and was injured while engaged in oiling the bearings of an exhaust fan. The fan was in an iron frame that occupied the upper half of a window and was reached from the outside by opening the lower sash which hung on hinges. In oiling the bearings the plaintiff was required to stand on the sloping window ledge, to support himself by holding with one hand to the iron frame and to reach upward and forward with his arm bent over a shaft and pulley. His arm was struck by a belt and knocked against the revolving fan.

The negligence alleged was the failure to have the

machinery, shafting and belting so arranged and guarded that an employee could perform his work with reasonable safety and in not providing a belt shifter in order that the fan could be stopped while oiling was being done. The case was tried without regard to the Act of May 2, 1905, P. L. 352, which provides for the guarding of machinery and the negligence relied on as a ground of recovery was the failure of the defendant to provide a safe place in which to work, a duty arising independently of the Act of 1905. The questions submitted to the jury were whether it was practicable consistently with efficient use of the fan to more effectively guard it or to provide for stopping it during the operation of oiling. These questions were submitted by the learned trial judge with very full and accurate instructions.

The judgment is affirmed.